**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 4 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STEFANI LANDRETH;
MICHELLE C. CHILDERS;
CANDY WATTS, all individually,

      Plaintiffs-Appellants,

v.

RURAL HOME HEALTH, INC.,
a corporation; JON COFFEY,
individually,

      Defendant.

_____

FRONTIER INSURANCE
COMPANY, a subsidiary of Frontier
Insurance Group, Inc.

      Garnishee-Appellee.

No. 00-7081
(D.C. No. 99-CV-58-P)
(E.D. Okla.)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs are former employees of Rural Home Health, Inc. (RHH) who obtained a consent judgment against RHH and its owner, Jon Coffey, on their claims that Coffey harassed them in various ways, both during work hours and during non-work hours. They claimed that insurance policies issued by Frontier Insurance Co. to RHH covered their losses. The district court[1] determined that the insurance policies did not provide coverage to plaintiffs and entered summary judgment in Frontier's favor. Plaintiffs appeal. Our jurisdiction arises from 28 U.S.C. § 1291, and we affirm.

On appeal, plaintiffs challenge the conclusion that the insurance policies do not cover their damages caused by Coffey. Although they concede that the policies exclude harassment that occurred while they were at work, they maintain that when they left work for the day, the policy exclusions did not apply. They also argue that one of the policies covered RHH's negligent supervision and training of Coffey.

---

[1] The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c). See Appellants' App. at 3.

We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c).

We have carefully reviewed the record on appeal, as well as the briefs submitted by the parties and the applicable law. Applying the standards set out above, we affirm the judgment for substantially the reasons stated in the magistrate judge's June 14, 2000 order.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge